# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re:                                                          Case No. 05-12064
                                                                Chapter 13

LORI L. McNAIR,

    Debtor.

## ORDER REINSTATING CHAPTER 13 CASE

    On January 10, 2007, the debtor, Lori L. McNair, filed a motion seeking an emergency hearing to reconsider the dismissal of her chapter 13 case. The matter was set for a telephonic hearing on January 12, 2007. Participating in that hearing were Lori L. McNair, her attorney, Rafael Gil, III., David Holmes, attorney for Peoples Bank, and Sabrina L. McKinney, the chapter 13 trustees' attorney.

### Procedural Background

    On December 7, 2006, the chapter 13 trustee filed a motion to dismiss Ms. McNair's case for her failure to make plan payments as required. Trustee's motion was filed pursuant to this court's Local Rule 1017-1 which makes clear that the case may be dismissed without further hearing unless the debtor files a response in opposition to the motion within 20 days. Ms. McNair filed no response to the motion, and on January 3, 2007, an order entered dismissing the case.

    Subsequent to the dismissal of the case, Peoples Bank repossessed the debtor's vehicle.

### Discussion

    The debtor contends that her employer has withheld her chapter 13 plan payments from her earnings pursuant to this court's order. The employer, according to the debtor, has failed to remit these funds to the chapter 13 trustee. Despite these facts, however,

the debtor failed to respond to the trustee's motion to dismiss.

Once the chapter 13 case was dismissed, the automatic stay of 11 U.S.C. §362 terminated by operation of law. *See* 11 U.S.C. §362(c)(2)(B). This court is unaware of any authority whereby the automatic stay, once terminated, may be reimposed. Hence, the court may not order Peoples Bank to return the repossessed vehicle to the debtor. Yet, in this case, the creditor has agreed to voluntarily return the vehicle to the debtor. The creditor was impressed by the apparent fact that the debtor's employer had withheld her plan payments as required by this court's income withholding order, but that the employer had failed to remit these funds to the chapter 13 trustee.

For these reasons, it is

ORDERED that the debtor's motion to reinstate her chapter 13 case is GRANTED. It is further

ORDERED that with the consent of Peoples Bank, the debtor's vehicle will be returned to her and paid for in accordance with the confirmed plan.

Done this the 12th day of January, 2007.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
   Rafael Gil, III., Debtor's Attorney
   David Holmes, Peoples Bank's Attorney
   Sabrina L. McKinney, Chapter 13 Trustee's Attorney
   All Creditors